**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **STEPHEN CAVANAUGH,** | ) | **4:14CV3063** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **NEBRASKA DEPARTMENT OF CORRECTIONS,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Stephen Cavanaugh ("Plaintiff") filed his Complaint in this matter on March 24, 2014. (Filing No. 1.) This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and state law. (Filing No. 1 at CM/ECF p. 5.) Plaintiff is incarcerated at the Nebraska State Penitentiary ("NSP") in Lincoln, Nebraska. (*Id.* at CM/ECF p. 2.) Plaintiff has been "assigned to work in the kitchen" at NSP. He works an average of eight hours per day, five days per week, and is paid approximately $2.25 per day. (*Id.* at CM/ECF p. 5.) Plaintiff argues that, under the FLSA and state law, he is entitled to be paid at the minimum wage.

For relief, Plaintiff seeks $3,341.25 in lost wages. Plaintiff also seeks an order from the court requiring Defendant to reimburse him for court's $350.00 filing fee. (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

**A.   FLSA Claim**

Plaintiff argues that, under the FLSA and Nebraska state law, he is entitled to be paid at the minimum wage. The FLSA provides that "[e]very employer shall pay to each of his employees" not less than the minimum wage. *See* 29 U.S.C. § 206(a). An

"employee" is defined as "any individual employed by an employer," 29 U.S.C. § 203(e)(1); and "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). "The Supreme Court has suggested that 'employee' is expansively defined under the FLSA, and has stated that courts should determine whether an individual is an 'employee' in light of the 'economic reality' of the situation under the totality of the circumstances, rather than rely on technical labels." *Barnett v. Young Men's Christian Assn.*, No. 98-3625, 1999 WL 110547, at *1 (8th Cir. Mar. 4, 1999) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 325-26 (1992) and *Goldberg. v. Whitaker House Co-Op, Inc.*, 366 U.S. 28, 33 (1961)).

In applying the economic-reality test to work done by prisoners during their incarceration courts have found that, in most situations, prisoners are not protected by the provisions of the FLSA. *McMaster v. Minnesota*, 30 F.3d 976, 978 (8th Cir. 1994); *Alexander v. Sara, Inc.*, 721 F.2d 149, 150 (5th Cir. 1983). However, "[c]ircuit courts have consistently rejected the notion that all prisoners are categorically excluded from coverage under the FLSA." *Barnett*, 1999 WL 110547, *1 (citing *Danneskjold v. Hausrath*, 82 F.3d 37, 40-41 (2d Cir. 1996); *Henthorn v. Dep't of Navy*, 29 F.3d 682, 685 (D.C. Cir. 1994); *Hale v. Arizona*, 993 F.2d 1387, 1393 (9th Cir.) (en banc), *cert. denied*, 510 U.S. 946 (1993); *Vanskike v. Peters*, 974 F.2d 806, 808 (7th Cir. 1992); *Watson v. Graves*, 909 F.2d 1549, 1554 (5th Cir. 1990)).

In *McMaster*, the Eighth Circuit Court of Appeals held that the prisoner plaintiffs were not "employees" within the meaning of the FLSA where they were assigned to work as part of their sentences and where their work was "for the primary purposes of training,

3

rehabilitation and reduction of idleness." *McMaster*, 30 F.3d at 980. The court stated "the relationship between the plaintiffs and the state [was] not an employment relationship, but a custodial [one] in which the FLSA does not apply." *Id. Compare Barnett*, 1999 WL. 110547, at *1, *3 (holding inmate plaintiff stated a claim for relief under the FLSA where he voluntarily worked for a private organization *outside prison walls without supervision from prison officials*).

Plaintiff alleges that he has been "assigned" to work inside the kitchen at NSP. He has not alleged any facts suggesting that his relationship with the State of Nebraska is anything but custodial. Accordingly, it appears that Plaintiff's case falls squarely within the Eighth Circuit's holding in *McMaster* that prisoner plaintiffs are not "employees" within the meaning of the FLSA where they are assigned to work as part of their sentences and where their work is "for the primary purposes of training, rehabilitation and reduction of idleness." *McMaster*, 30 F.3d at 980. Thus, as pled, Plaintiff's Complaint fails to state a claim upon which relief may be granted. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint in which he alleges facts that allow the court to draw the reasonable inference that he is an "employee" within the meaning of the FLSA.

**B.    State-Law Claim**

Plaintiff argues that Neb. Rev. Stat. § 48-1201 sets the minimum wage at $7.25 and, because prisoners are not included in the list of individuals exempt from minimum-wage requirements, he is entitled to be paid at the minimum wage. (Filing No. 1 at CM/ECF p. 5.) Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims. The

4

court notes, however, that Plaintiff's argument overlooks a critical factor. The wages of inmates incarcerated with the Department of Correctional Services ("DCS") are governed by Neb. Rev. Stat. § 83-183. Section 83-183 provides that "[t]he director of DCS shall make rules and regulations governing the hours, conditions of labor, and *the rates of compensation* of persons committed to the department." Neb. Rev. Stat. § 83-183(2). The state statutes governing the management of prisons in Nebraska do not explicitly set forth a minimum-wage requirement for prisoners.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to amend his Complaint to clearly state a claim under the FLSA upon which relief may be granted. If Plaintiff fails to file an amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 22, 2014**: Check for amended complaint.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 18th day of July, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge