# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN CAVANAUGH, ) | 4:14CV3063 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| MICHAEL L. KENNEY, FRANK ) | |
| HOPKINS, DIANE SABATKA-RHINE, ) | |
| and MR. DORTON, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on its own motion. Plaintiff Steven Cavanaugh ("Plaintiff") filed this action on March 24, 2014. Plaintiff is incarcerated at the Nebraska State Prison in Lincoln, Nebraska. (Filing No. 1.) On July 18, 2014, the court conducted an initial review of Plaintiff's Complaint and determined it failed to state a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. (Filing No. 9.) Plaintiff filed an Amended Complaint (Filing No. 12) on September 3, 2014. Plaintiff alleges in his Amended Complaint he "has been deprived of his statutory right to a $7.25/hour minimum wage," which he argues is guaranteed under Nebraska statutory law.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, Plaintiff must demonstrate that he has been deprived of a liberty interest in order to successfully claim that his Fourteenth Amendment right to due process has been violated. *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)). A liberty interest can arise out of the Due

Process Clause itself or be state-created. *Id*. (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)) (quotations omitted).

Liberally construed, Plaintiff alleges he has a state-created liberty interest in earning minimum wage. A state-created liberty interest arises when a statute or regulation imposes an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483-84; *see also Wilkinson*, 545 U.S. at 223; *Wolff v. McDonnell*, 418 U.S. 539 (1974). A state-created liberty interest also arises when a state's actions will inevitably affect the duration of the sentence. *Sandin*, 515 U.S. at 487.

Plaintiff cannot demonstrate that he has a state-created liberty interest in earning minimum wage. He argues Nebraska statutory law entitles him to earn minimum wage as a prisoner because prisoners "are not included in the list of groups exempt from the minimum wage" requirement. (Filing No. 1 at CM/ECF p. 5.) Plaintiff's argument has no merit. No reading of Nebraska's statutory law could lead to the conclusion that he is entitled to earn minimum wage as a prisoner in Nebraska. First, the wages of inmates incarcerated with the Department of Correctional Services are governed by Neb. Rev. Stat. § 83-183. Section 83-183 provides that "[t]he director of DCS shall make rules and regulations governing the hours, conditions of labor, and *the rates of compensation* of persons committed to the department." Neb. Rev. Stat. § 83-183(2) (emphasis added). The state statutes governing the management of prisons in Nebraska do not explicitly set forth a minimum-wage requirement for prisoners.

Second, statutory language itself contemplates the possibility that classes of inmates will not earn minimum wage. Section 83-183.01 sets forth that inmates "earning

2

*at least minimum wage*" may have their wages withheld for deposit into a victim compensation fund. Neb. Rev. Stat. § 83-183.01 (emphasis added). Clearly, if Nebraska's legislators intended that all prisoners earn minimum wage, this language would not have been necessary.

For the foregoing reasons, the court finds Nebraska statutory law does not convey to Plaintiff a liberty interest in earning minimum wage in prison. The court will dismiss this matter for failure to state a claim upon which relief may be granted. Any possible state law claims Plaintiff may be asserting will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction"). Accordingly,

IT IS ORDERED: For the reasons set forth above and in the order dated July 18, 2014, this matter is dismissed with prejudice for failure to state a claim upon which relief may be granted. Any state law claims asserted in this civil action are dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of October, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

3